UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CRAIG M. SHULTS, et al.,<br><br>        Defendants. | CASE NO. SACR 12-00090 AG<br><br>**ORDER DENYING POST TRIAL MOTIONS** |

After a 6 week trial involving voluminous exhibits and more than 25 witnesses, a jury convicted defendants Craig Shults, Joseph Haymore, Paul Licausi, and Sylvia Melkonian (together, "Defendants") of wire fraud. (Minutes of Jury Trial - 24th Day, Dkt. No. 356.) Before the Court are the following motions and related documents, not including joinders to the motions:

From defendant Shults:

    (1)    Supplement to Defendant Craig Martin Shults' Filings on Rule 29 Motion (Dkt. No. 397).

From defendant Haymore:

    (1)    Rule 29 Motion for Judgment of Acquittal (Dkt. No. 332);
    (2)    Supplement to Joinder to Defendant Wardein's Motion for Judgment of Acquittal re: Count One (Dkt. No. 344);
    (3)    (Second) Rule 29 Motion for Judgment of Acquittal ("Haymore M4JA," Dkt. No. 351);

|   |   |   |
|---|---|---|
| | (4) | Declaration of Steven C. Smith in Support of Rule 29 Motion for Judgment of Acquittal (Dkt. No. 366); |
| | (5) | Motion for New Trial ("Haymore M4NT," Dkt. No. 377). |

From defendant Licausi:

|   |   |   |
|---|---|---|
| | (1) | Motion for Acquittal; FRCP, Rule 29 (Dkt. No. 335); |
| | (2) | Supplement to Motion for Acquittal ("Licausi SM4JA"); |
| | (3) | Second Supplemental Motion for Judgment of Acquittal ("Licausi SSM4JA," Dkt. No. 349); |
| | (4) | Motion for A New Trial Pursuant To Fed. R. Crim. P. 33(a) ("Licausi M4NT," Dkt. No. 374). |

From defendant Melkonian:

|   |   |   |
|---|---|---|
| | (1) | Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 (Dkt. No. 320); |
| | (2) | Supplemental Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 In Connection to Count Two ("Melkonian SM4JA," Dkt. No. 340); |
| | (3) | Motion for A New Trial Pursuant To Fed. R. Crim. P. 33(a) ("Melkonian M4NT," Dkt. No. 350). |

The Court has thoroughly reviewed every argument presented in these motions. This Order summarizes key points. A key point is that if any error occurred in this six week trial—and the Court has identified none—the error was not sufficient to warrant a new trial or a judgment of acquittal. The Motions are DENIED.

**LEGAL STANDARD**

**1.   MOTIONS FOR JUDGMENT OF ACQUITTAL**

Where a jury has returned a guilty verdict, a court may set aside the verdict and enter an acquittal for any offense where the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a); (c)(2). On a motion for judgment of acquittal, courts view the evidence in the light most favorable to the government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Leos–Maldonado*, 302 F.3d 1061 (9th Cir. 2002); *United States v. Williams*, 547 F.3d 1187, 1195 n.6 (9th Cir. 2008).

## 2. MOTIONS FOR NEW TRIAL

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial is granted at the discretion of the trial court, and only in "exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel,* 654 F.2d 538, 545 (9th Cir. 1981).

## ANALYSIS

Defendants argue that a new trial is required or a defendant should be acquitted for five main reasons: (1) the evidence was insufficient to justify conviction; (2) Counts One, Two, and Three of the indictment had errors; (3) the Court erred in admitting certain exhibits; (4) the Court erred in denying certain jury instructions; and (5) the Court erred in failing to sever trial. The Court addresses each argument in turn.

### 1. SUFFICIENCY OF THE EVIDENCE

Defendants Haymore, Licausi, and Melkonian argue that there was insufficient evidence to convict them of wire fraud. (*See, e.g.*, Haymore M4JA at 8; Haymore M4NT at 2; Licausi M4JA at 4; Licausi M4NT at 4; Melkonian M4JA; Melkonian M4NT at 7.) Generally, Licausi and Melkonian argue that there was no evidence of intent to defraud, and Haymore and Licausi argue that there was no evidence of knowledge of the fraud because they were merely property vendors.

But a rational trier of fact drawing inferences in favor of the government could have found Defendants guilty of wire fraud beyond a reasonable doubt based on the evidence presented. And the evidence presented did not preponderate heavily against the verdict.

## 2. ERRORS IN THE INDICTMENT

Defendants also argue that errors in the indictment warrant a new trial or judgment of acquittal. As to Count One, they assert three such errors: (1) it doesn't allege a specific victim; (2) there is a $500 discrepancy between the amount alleged and the amount shown by the evidence; and (3) it says Sheridan Snyder sent the wire, but the evidence at trial showed Snyder's company, Trinity Land and Title ("TLT"), sent the wire. (Haymore M4JA at 4-6; Licausi SSM4JA; Shults Joinders, Dkt. Nos. 339, 368.)

As to Count Two, they also assert three errors: (1) the date alleged in the Count does not match the date of the email introduced at trial; (2) the Count alleges an attachment to the email that does not appear in the email introduced at trial; and (3) no evidence was introduced at trial that the wire was actually sent. (Haymore M4JA at 7-8; Licausi M4NT at 7; Licausi SSM4JA at 8; Melkonian SM4JA at 3.)

As to Count Three, they assert two errors: no evidence was introduced at trial that the wire was actually sent; and (2) the indictment says the wire was sent to The Closing Place, but the evidence showed TLT received the wire. (Licausi M4NT at 8; Licausi SSM4JA at 9; Licausi SM4JA.)

The Court addresses the first asserted error of Count One and then addresses the rest of the asserted errors.

### 2.1 No Alleged Victim

Defendants argue that they should be acquitted on Count One because Count One fails to allege a victim associated with the wire. They argue that under *U.S. v. Milwitt*, 475 F.3d 1150 (9th Cir.

2007), the indictment must allege a victim associated with each wire. (Haymore M4JA at 4-6; Licausi SSM4JA; Shults Joinders, Dkt. Nos. 339, 368.)

But Defendants have failed to persuade the Court that *Milwitt* imposes such a requirement. The very quote Defendants provide from *Milwitt* states only that "[t]he specific intent to deceive or defraud element of the mail and wire fraud crimes requires the prosecution to *prove* that the defendant intended to defraud an identifiable individual." 475 F.3d at 1156 (emphasis added). The other cases cited stand for similar propositions. The cases cited do not state that the government must allege a specific victim associated with each wire.

**2.2    Variance**

A variance occurs where the evidence at trial proves facts materially different from those alleged in the indictment. *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002). A variance requires reversal only if it prejudices a defendant's substantial rights. *Id.* at 615. Even if the differences were material, and Defendants have not persuaded the Court that they were, Defendants have not persuaded the Court that any substantial right was violated by any variance due to the asserted errors in the indictment.

Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Defendants guilty despite the purported errors in the indictment. And the evidence did not preponderate heavily against the verdict.

**3.    EXHIBITS**

Haymore objects that exhibits 13, 173, and 205 were improperly admitted at trial. (Haymore M4NT at 17 (incorporating Objection to Exhibit 173, Dkt. No. 295), 20-21.) A new trial is only warranted on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a

5

party. *United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992) (citing *Haddad v. Lockheed Cal. Corp.,* 720 F.2d 1454, 1457–59 (9th Cir.1983)).

The Court is not persuaded that these 3 exhibits—among many others—made an overwhelming difference to the jury, as Haymore argues. (*See* Haymore M4NT at 21.) Even if the rulings were incorrect, and Defendants have not persuaded the Court that they were, the evidentiary rulings did not substantially prejudice any defendant, and a new trial is not warranted on the basis of evidentiary rulings.

**4.     JURY INSTRUCTIONS**

Licausi and Melkonian argue a new trial is warranted for failure to give certain requested jury instructions. (Melkonian M4NT at 8-9 (good faith instruction); *id.* at 10-12 (Rule 404(b) instruction); Licausi M4NT at 9-12 (abandonment or withdrawal instruction); *id*. at 9-12 (contemplation of actual harm instruction).) But for the reasons described on the record when the Court declined to give the instructions, the Court was not required to give these instructions.

**5.     SEVERANCE**

Licausi and Haymore argue that severance should have been granted because they say Shults became an extra prosecutor against them at trial and they became an extra prosecutor against Shults. (Licausi M4NT at 13, citing *United States v. Mayfield*, 189 F.3d 895 (9th Cir. 1999); Haymore M4NT at 5.)

But "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant . . . is insufficient to require severance." *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002) (quoting *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996) (brackets and ellipses in original)). "To demonstrate that competing defenses

amounted to manifest prejudice in a joint trial, a defendant must show 'the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant.'" *Id.* (quoting *United States v. Hanley,* 190 F.3d 1017, 1028 (9th Cir. 1999) (internal quotation marks omitted)).

The Court holds that Defendants have not met this standard here. And a single trial was essential for efficient administration of justice, conservation of judicial resources, lessening the burden upon citizens to sacrifice time and money to serve on juries, avoiding the necessity of repeatedly calling witnesses who would otherwise have to testify only once, and avoiding the inequity of inconsistent verdicts. *See United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977); *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

## CONCLUSION AND DISPOSITION

Judgments of acquittal are not warranted because a rational trier of fact, drawing inferences in favor of the government, could have found Defendants guilty of wire fraud beyond a reasonable doubt. And the evidence did not preponderate heavily against the verdict so as to require a new trial. The pending motions are DENIED. As stated, the Court reaches this result after thoroughly reviewing all arguments in the parties' papers. Any arguments not specifically addressed were either unpersuasive, not adequately developed, or not necessary to reach given the Court's holdings.

IT IS SO ORDERED.

DATED: April 23, 2014

_____

Andrew J. Guilford
United States District Judge

7